IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BENNIE RAY WALLER, JR.  PLAINTIFF

V.  CAUSE NO. 3:23-CV-00193-JMV

CHAD WICKER, ET AL.  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Bennie Ray Waller, Jr., who challenges the conditions of his confinement under 42 U.S.C.§ 1983. On November 17, 2023, the Court entered an Order directing Waller to show cause why this case should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. # 17. Waller filed his response to the show cause order on December 4, 2023, largely reiterating the allegations and claims from his complaint and related filings. *See* Doc. # 19. Apart from these repeated factual allegations, Waller advanced numerous legal conclusions and quotations of, and citations to, authority without substantive support. *See id.* Upon due consideration, the Court finds Waller's arguments unavailing; he has not shown cause, and, for the reasons set forth below, the Court finds that Waller's claims should be dismissed for failure to state a claim upon which relief can be granted.

### Plaintiff's Allegations

Waller complains of the conditions of his confinement while housed at the DeSoto County Jail located in Hernando, Mississippi. In particular, Waller alleges that the inmates are housed in unsanitary housing conditions at the jail, and identifies issues such as moldy showers, inoperable sinks and showers, the presence of insects and rodents, and a shortage of linens and towels. Waller

additionally avers that his requests for "coronavirus mask[s]" were denied on two occasions and that the jail failed to provide him a tuberculosis test.

Waller names Desoto County Jail Director Chad Wicker, DeSoto County Sheriff Bill Rasco, and DeSoto County Jail nurses Rebecca Elaine Taylor and Julie Jordan as Defendants in this action. By way of relief, Waller requests that he be compensated "for the pain and suffering [he] endured while being exposed to the deadly coronavirus" and for the "inhumane living conditions and the long[-]term health risk that black mold causes."

## Denial of Medical Care

Waller complains that he was denied a tuberculosis test and COVID masks. As to the alleged denial of a tuberculosis test, Waller has not alleged an outbreak of tuberculosis during his incarceration at facility; and the Court is unaware of any constitutional right to be tested for tuberculosis. *See Wilson v. Pearl River County*, 2010 WL 235027, *7 (S.D. Miss. Jan. 15, 2010) (dismissing Plaintiff's claim for failure to establish a violation of a "clearly recognizable constitutional violation" after noting "the Court is unaware of any constitutional right to be tested for tuberculosis"); *Armstrong v. Broadus*, 2009 WL 3805552, *11 (S.D. Miss. Nov, 6, 2009) (finding Plaintiff's claim "frivolous" because it was "unaware of any constitutional right to be tested for tuberculosis").

Waller further alleges that his request for a COVID mask was denied on two separate occasions by Defendants Taylor and Jordan, who worked as nurses at the jail. According to Waller, he was housed in a pod with inmates whom he believed had tested positive for COVID and later contracted COVID himself, and *seemingly* believes that these masks would have prevented him from becoming sick. An inmate's right to medical care is abridged if a prison official acts with deliberate indifference to his medical needs, as deliberate indifference to an inmate's serious

medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligent conduct, however, does not give rise to a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). Here, Waller fails to allege facts indicating that Defendants Taylor and Jordan's actions were deliberately indifferent to his health or safety. *See Fink v. County of Los Angeles*, 2021 WL 6499931. *2 (C.D. Cal. Oct.8, 2021) (finding that defendant's failure to follow CDC guidelines resulting in inmates becoming infected with COVID-19 failed to state an Eighth Amendment claim). If anything, Waller's allegations in this regard imply negligence, not deliberate indifference. *See id.* Further, just as with the claim regarding the tuberculosis test, the Court is unaware of any constitutional right to a COVID mask.

In sum, the Court finds that Waller's claims regarding the lack of a tuberculosis test and denial of COVID masks fail to state a constitutional question.

## General Conditions of Confinement

"[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert denied*, 493 U.S. 969 (1989) (citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n. 5 (citation omitted). Although prison officials have certain duties under the Eighth Amendment, these duties are limited to providing prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n. 10 (5th Cir. 1995)(quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotations omitted). Prison conditions constitute cruel and unusual punishment, and are violative of the Eighth Amendment, *only* when such conditions result in "unquestioned and serious

deprivation of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347(1981); *see also Hudson v. McMillian,* 503 U.S. 1, 8–10 (1992) (citations omitted).

As mentioned above, Waller complains about alleged unsanitary conditions such as moldy showers, inoperable sinks and showers, the presence of insects and rodents, and a shortage of linens and towels. Waller, however, has not alleged, much less demonstrated, that he suffered any physical injury or harm as result of the conditions alleged. In a case filed under 42 U.S.C. § 1983, the plaintiff must show more than *de minimis* physical injury to prevail – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). In sum, taking into account the "totality of the circumstances" *see McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), Waller has failed to identify any "basic human need" of which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. Consequently, Waller has failed to establish a constitutional deprivation, and this claim must be dismissed.

## Supervisor Liability

Even assuming, *arguendo*, that Waller's allegations indicated a cognizable constitutional violation, he has failed to state a valid claim against Defendants Wicker and Rasco. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable

under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). Additionally, a Section 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007).

As noted above, Waller names Jail Director Chad Wicker and Sheriff Bill Rasco as defendants in this action. In a supplemental response at the request of the Court, Waller avers that on September 9, 2022, both Wicker and Rasco walked through the jail and saw the alleged unsanitary living conditions. Waller further asserts that he spoke with them about the conditions. According to Waller, Rasco asked Wicker about the conditions, particularly noting the showers and sinks, and advised Wicker to "fix them." Waller additionally alleges that he submitted a grievance about being housed with COVID-infected inmates to Wicker.

It appears that Defendants Wicker and Rasco have been named defendants in this action merely due to their positions of authority at the DeSoto County Jail and Wicker's participation in the grievance process; thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."). Moreover, the Court notes that, based on Waller's own allegations, Director Wicker and Sheriff Rasco intended on taking action to improve the very conditions about which Waller complains.

5

For these reasons, Waller's claims against Defendants Wicker and Rasco should be dismissed for failure to state a claim.

## Conclusion

Based on the foregoing discussion, the Court finds that Waller's allegations fail to state a claim upon which relief can be granted. Accordingly, the instant complaint is hereby **DISMISSED with prejudice**. The Court further finds that this dismissal shall count as a "strike" under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(g).

**SO ORDERED**, this the 5th day of December, 2023.

/s/ Jane M. Virden
**JANE M. VIRDEN**
**UNITED STATES MAGISTRATE JUDGE**